IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHELLE PEREZ and ENRIQUE MARQUEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | EP-13-CV-285-KC |
| BANK OF AMERICA, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION; and JACK O'BOYLE; | § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand (the "Motion"), ECF No. 5, filed on October 3, 2013, in the above-captioned case (the "Case").[1] By the Motion, Plaintiffs request that the Court remand the Case and award Plaintiffs attorneys' fees incurred in researching and preparing the Motion. For the reasons set forth below, the Court **DENIES** the Motion.

I.   BACKGROUND

On June 25, 2013, Plaintiffs filed their Original Petition for Declaratory Judgment (the "Petition"), ECF No. 1-1, in the County Court at Law no. 5, El Paso County, Texas (the "State Court"). The Petition seeks a declaratory judgment that a prior foreclosure sale of Plaintiffs' real property (the "Property") was invalid and void, as well as other relief. *See* Pet. 1-3.

The Petition names three defendants: Bank of America, N.A. ("BANA"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Jack O'Boyle ("O'Boyle"). *See id.* at 1-2.

---

[1] Plaintiffs also filed a motion to remand, ECF No. 3, on the same date. The two motions appear to be identical. Therefore, the Court's disposition of the Motion applies equally to the other motion.

1

Plaintiffs admit that Freddie Mac and O'Boyle "ha[ve] been joined *pro forma* in this action and no damages are being claimed against" Freddie Mac or O'Boyle. *Id.* at 2. Plaintiffs are citizens of Texas. *Id.* at 1; Defs.' Notice of Removal ("Notice of Removal"), ECF No. 1, at 2. BANA is a citizen of North Carolina. Pet. 1; Notice of Removal 2. Freddie Mac is a federally chartered corporation organized under the laws of the United States pursuant to 12 U.S.C. §§ 1451 *et seq.*, with its headquarters in Virginia. Pet. 1-2; Notice of Removal 2. O'Boyle is a resident of Texas. Pet. 2; Notice of Removal 2-3. Plaintiffs plead that the Property has "value in excess of $100,000.00." Pet. 1.

Plaintiffs served Freddie Mac on July 24, 2013 at its headquarters in Virginia. *Id.* at 1-2; Mot. 1. Plaintiffs served O'Boyle on July 24, 2013 as well. Pet. 2; Mot. 1-2. Defendants do not challenge the sufficiency of Plaintiffs' service of Freddie Mac or O'Boyle. *See* Defs.' Resp. to Mot. for Remand ("Response"), ECF No. 6, at 1-3. Plaintiffs putatively served BANA on July 26, 2013 at its main office in North Carolina via certified mail. ECF No. 5-1, at 6; Resp. 1, 3; Mot. 1; Pet. 1. However, Plaintiffs never served BANA's registered agent in the State of Texas, which is an entity located in Dallas called CT Corporation ("CT"). *See* Resp. Ex. 1.

On September 5, 2013, BANA and Freddie Mac ("Removing Defendants") filed the Notice of Removal, thereby removing the Case to this Court. *See* Notice of Removal 1-4. Plaintiffs timely filed the Motion on October 3, 2013, which requests that this Court remand the Case to the State Court. *See* Mot. 1-2. The Motion also requests, pursuant to 28 U.S.C. § 1447(c), that the Court grant Plaintiffs costs and expenses incurred as a result of the removal. *See id.* at 2-3. Removing Defendants filed the Response on October 10, 2013. Plaintiffs did not file a reply.

**II.   DISCUSSION**

### A. Standard

28 U.S.C. § 1441(a), with relevant exceptions described below, permits a defendant to remove a civil action from a state court to a federal district court if the district court has original jurisdiction over the case. 28 U.S.C. §1441(a); *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1483 (5th Cir. 1992). The district court is required to remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). Where a party challenges the removal jurisdiction of the district court, the burden is on the non-movant seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Courts construe removal statutes strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

The district courts have original "diversity" jurisdiction over civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity; that is, no plaintiff may be a citizen of the same State as any properly joined defendant. *See*, *e.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806). A defendant may generally remove a case that satisfies these prerequisites for diversity jurisdiction, unless "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

### B. Analysis

Plaintiffs argue that the Court must remand the Case. Plaintiffs' sole contention[2] in support of remand is that the Notice of Removal was untimely. *See* Mot. 2. Plaintiffs argue that, because Plaintiffs served BANA on July 26, 2013, and because Removing Defendants did not file the Notice of Removal until September 5, 2013, Removing Defendants filed the Notice of Removal beyond the thirty-day deadline established by 28 U.S.C. § 1446(b). *See id*. Thus, argue Plaintiffs, the court must remand the Case to the State Court. *See*, *e.g.*, *Naval Stores Suppliers, Inc. v. LGS Consulting, LLC*, No. CA 10-332 S, 2010 WL 4608749, at *3 (D.R.I. Oct. 21, 2010) (remanding case for failure to comply with 28 U.S.C. § 1446(b)'s time limits).

Removing Defendants respond that Plaintiffs never properly served BANA in accordance with state law.[3] *See* Resp. 1-3. As a result, 28 U.S.C. § 1446(b)'s thirty-day clock never began to run against BANA, so BANA was free to remove the Case at any time. *See id*. at 1, 3. *See also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (holding that a defendant may remove prior to formal service). Thus, according to Removing Defendants, the Notice of Removal is timely, and the Court has no basis to remand the Case.

Even where a district court would otherwise possess original jurisdiction over a case, the

---

[2] Plaintiffs do not dispute that Removing Defendants have otherwise satisfied the prerequisites of diversity jurisdiction. *See* Mot. 1-3. Specifically, even though Plaintiffs and O'Boyle are all from the State of Texas, Plaintiffs do not rebut Removing Defendants' argument that the parties are completely diverse because O'Boyle is an improperly joined defendant whose citizenship should be disregarded. *See id*. at 1-3; Notice of Removal 2-3. *See also*, *e.g.*, *Strawbridge*, 7 U.S. at 267-68 (requiring complete diversity between plaintiffs and defendants); *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (holding that the bar to removal by in-state defendants does not apply to improperly joined defendants). Nor do Plaintiffs dispute that Defendants have satisfied 28 U.S.C. § 1332(a)'s amount in controversy requirement. *See* Mot. 1-3; Notice of Removal 3.

[3] BANA did not argue that service of process was insufficient in Defendants' Original Answer, Special Exception and Affirmative Defenses, ECF No. 1-1, 34-39. The Court therefore considers whether BANA waived its sufficiency of process argument. The Fifth Circuit has ruled that because challenging a motion to remand on the basis of insufficient process "is not a defense to a claim for relief, it is not waived by filing an answer to a complaint without objecting to service of process." *Humes-Pollett v. Family Health Ctr., Inc.*, 339 F. App'x 490, 493 (5th Cir. 2009). BANA therefore did not waive its opportunity to challenge the Motion on the grounds of insufficient process. Additionally, Plaintiffs did not file a reply arguing that BANA waived its insufficient process argument.

court must nonetheless remand that case to state court if removal is untimely under the deadlines imposed by 28 U.S.C. § 1446.[4] *See*, *e.g.*, *Rivers v. Int'l Matex Tank Terminal*, 864 F. Supp. 556, 558 (E.D. La. 1994). Each defendant has thirty days after service of the initial pleading or summons to file a notice of removal.[5] 28 U.S.C. § 1446(b)(1), (b)(2)(B). Unless the defendant has waived formal process, 28 U.S.C. § 1446(b)'s thirty-day clock does not start to run until the plaintiff has officially served the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-56 (1999). Only "formal service of process" triggers this thirty-day time period; mere "receipt of actual notice of the complaint through informal channels" does not. *City of Clarksdale v. Bell-South Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros.*, 526 U.S. at 347-48). To determine whether a plaintiff has properly served a defendant for the purposes of 28 U.S.C. § 1446(b), the Court looks to applicable state law.[6] *See Murphy Bros.*, 526 U.S. at 348 (describing "official serv[ice]" with reference to "local law"); *Clarksdale*, 428 F.3d at 210-11. *Accord MacFadden v. GMAC Mortg., LLC*, Civil Action No. 2:13-cv-91, 2013 WL 2422579, at *1 (S.D. Tex. June 3, 2013) (holding that attempted service "was not sufficient to start the 30-day deadline for removal" because attempt "was not completed according to the law of Texas").

      Notably, a defendant may remove a case even before the plaintiff has properly served that

---

[4] "[S]ometimes exceptional or unique circumstances might permit removal after the expiration of the thirty day period prescribed by § 1446(b)," but no such circumstances are present here. *See*, *e.g.*, *Ortiz v. Young*, 431 F. App'x 306, 307-08 (5th Cir. 2011) (citing *Gillis v. La.*, 294 F.3d 755, 759 (5th Cir 2002); *Getty Oil Co. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988); *Brown*, 792 F.2d at 482); *Watson v. Watson*, CASE NO. 4:13cv137, 2013 WL 5230651, at *2 (E.D. Tex. Sept. 17, 2013).

[5] An exception, not relevant here, exists when the case is not initially removable, but later becomes removable. *See* 28 U.S.C. § 1441(b)(3), (c)(1).

[6] In this limited respect, state procedural law applies in federal court, notwithstanding *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). "Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." *Clarksdale*, 428 F.3d at 210-11.

defendant – that is, before 28 U.S.C. § 1446(b)'s thirty-day clock begins to run. *E.g.*, *Delgado*, 231 F.3d at 177. 28 U.S.C. § 1446(b)(1) only "require[s] that an action be commenced against a defendant before removal, but not that the defendant have been served." *Id*. Therefore, "a defendant may remove a case at any time prior to receiving service." *Wagner v. Campbell*, No. 4:13CV3006, 2013 WL 2250277, at *3 (D. Neb. May 22, 2013) (citing *Delgado*, 231 F.3d 165; *Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11-12 (D.D.C. 2011); *Taylor v. Conttrell, Inc.*, 2009 WL 1657427, at *2 (E.D. Mo. 2009); *Bell v. Am. Gen. Fin., Inc.*, 267 F. Supp. 2d 582, 583-84 (S.D. Miss. 2003); 28 U.S.C. § 1448).

Another provision further limits a defendant's ability to remove a case: when a defendant removes a case solely on the basis of diversity jurisdiction, each defendant that has "been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[7] *Id*. § 1446(b)(2)(C). As a result, "earlier-served defendants [may] join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period" established by 28 U.S.C. § 1446(b).[8] *Meeks*, 2013 WL 5464639, at *1. Although the "later-*served* defendants" language of 28 U.S.C. § 1446(b)(2)(C) might suggest that an earlier-served defendant may join

---

[7] This provision, enacted as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, abrogated "[t]he longstanding Fifth Circuit interpretation of the removal statute[,]" which "limited the removal period to thirty days from the time the first defendant is served," in favor of the so-called "last-served defendant rule." *Meeks v. Damillie*, Civil Action No. 2:11CV253–NBB–JMV, 2013 WL 5464639, at *1 (N.D. Miss. 2013) (citing *Getty Oil*, 841 F.2d at 1262-63).

[8] However, this does not mean "that an earlier-served defendant may *initiate* a notice of removal if thirty days have lapsed since that defendant was served, but the time has not lapsed for another or later served defendant." *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 702 (E.D. La. 2013) (emphasis in original).

an otherwise untimely notice of removal only when the plaintiff has actually effectuated formal service upon the removing defendant, courts have held that this "last-served defendant" rule applies equally when the removing defendant was *never* properly served. *See Moore v. Svehlak*, Civil Action No. ELH–12–2727, 2013 WL 3683838, at *15-16 (D. Md. July 11, 2013); *Wagner*, 2013 WL 2250277, at *1-3. These cases are consistent with the Fifth Circuit's holding in *Delgado* that 28 U.S.C. § 1446 does not limit a defendant's ability to remove a case before the plaintiff has served that defendant. *See* 231 F.3d at 177. The unserved defendant may remove the case at any time, and any other served defendant may join in or consent to that removal without rendering the removal untimely, even if the plaintiff served the joining/consenting defendant more than thirty days before the unserved defendant filed its notice of removal. *See Moore*, 2013 WL 3683838, at *15-16; *Wagner*, 2013 WL 2250277, at *1-3. *See also Delgado*, 231 F.3d at 177 (permitting a defendant to remove before it has received formal process, and therefore before the thirty-day clock starts to run).

For the following reasons, the Court concludes that Plaintiffs never properly served BANA. As a result, BANA's thirty day period to remove never began, and BANA was free to remove the Case at any time. *See Delgado*, 231 F.3d at 177. The Court further concludes that Freddie Mac timely joined the Notice of Removal, and that Removing Defendants did not need to obtain O'Boyle's consent to removal. Accordingly, the Notice of Removal was procedurally proper, so the Court denies the Motion.

> **1.    The Notice of Removal is timely because Plaintiffs did not properly serve BANA**

The Court agrees with Removing Defendants that Plaintiffs failed to effect formal service

upon BANA. To properly serve a financial institution[9] under Texas law,[10] a plaintiff must serve the financial institution's registered agent, or, if it has no such agent, its president or a branch manager at any office located in the state of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.028(b). *Accord Bank of N.Y. Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 903 (Tex. App. 2013); *Nizari Progressive Fed. Credit Union v. JP Morgan Chase Bank*, No. 04-08-00536-CV, 2009 WL 282738, at *2 (Tex. App. Feb. 4, 2009). Plaintiffs do not dispute that BANA has designated a registered agent in the state of Texas, and that this agent is CT. *See* Resp. Ex. 1. Plaintiffs did not serve CT, as required by Texas Civil Practice & Remedies Code § 17.028(b); instead, they delivered putative service to BANA's principal place of business in Charlotte, North Carolina. *See* Pet. 1; Mot. 1; ECF No. 5-1, 6. As a result, Plaintiff did not properly serve BANA under Texas law. *See Bank of N.Y. Mellon*, 403 S.W.3d at 903. Thus, Plaintiffs' "attempt at service was not sufficient to start the 30-day deadline for removal." *MacFadden*, 2013 WL 2422579, at *1. Because an unserved defendant may remove the case at any time, BANA filed the Notice of Removal before the 28 U.S.C. § 1446(b) deadline expired. *See Delgado*, 231 F.3d at 177.

### 2. All Defendants from whom consent to removal was necessary timely joined the Notice of Removal

Before the Court can conclude that removal was proper, however, the Court must resolve two issues: (1) whether Freddie Mac timely joined in the Notice of Removal, and (2) whether

---

[9] BANA is a "financial institution" within the meaning of the applicable service of process statutes. *See* Tex. Civ. Prac. & Rem. Code § 17.028(a); Tex. Fin. Code § 201.101(1).

[10] Plaintiffs have not disputed Removing Defendants' argument that the law of Texas, as opposed to the law of any other State, governs the sufficiency of process in the Case, and the Court sees no reason to conclude otherwise.

Removing Defendants needed to obtain O'Boyle's consent to the removal.[11] Where, as here, "a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id*. § 1446(b)(2)(B). Plaintiffs served both Freddie Mac and O'Boyle on July 24, 2013.[12] Mot. 1-2. Freddie Mac joined the Notice of Removal over thirty days after this date, and O'Boyle never joined the Notice of Removal or otherwise consented to removal. *See* Notice of Removal 1. The Court assesses whether this renders the Notice of Removal procedurally defective.

The Court concludes that Freddie Mac permissibly joined in the Notice of Removal, even though BANA filed the Notice of Removal more than thirty days after Plaintiffs formally served Freddie Mac. 28 U.S.C. § 1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." As a result, "earlier-served defendants [may] join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period" established by 28 U.S.C. § 1446(b). *Meeks*, 2013 WL 5464639, at *1. Because BANA filed the Notice of Removal before the thirty-day deadline expired – indeed, before the thirty-day clock began running at all – 28 U.S.C. § 1446(b)(2)(C) allows Freddie Mac, as the earlier-served

---

[11] The Court must resolve these issues even though Plaintiffs did not raise them. *See* Mot. 1-3. "Where a motion for remand has been filed on the basis of a procedural defect . . . a district court possesses authority to remand based on any other procedural defects under 28 U.S.C. § 1447(c), even if the motion did not request remand on these grounds specifically." *Vielma v. ACC Holding, Inc.*, No. EP–12–CV–501–KC, 2013 WL 3367494, at *2 (W.D. Tex. Apr. 16, 2013).

[12] Removing Defendants do not contend that Plaintiffs improperly served Freddie Mac or O'Boyle. *See* Resp. 1-3.

Defendant, to join the Notice of Removal without rendering it untimely. *See Moore*, 2013 WL 3683838, at *15-16; *Wagner*, 2013 WL 2250277, at *1-3. *See also Delgado*, 231 F.3d at 177.

The Court further concludes that Removing Defendants did not need to obtain O'Boyle's consent to removal. Ordinarily, O'Boyle's failure to join or consent to removal would render the Notice of Removal defective under 28 U.S.C. § 1446(b)(2)(A), but "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). Because Removing Defendants argue – and Plaintiffs do not dispute – that Plaintiffs improperly joined O'Boyle, Removing Defendants did not need to obtain O'Boyle's consent to remove the Case. *See*, *e.g.*, *Monk v. Petroleo Props., LLC*, Civil Action No. 12-1423, 2012 WL 5196564, at *1 (W.D. La. Oct. 18, 2012) ("Plaintiffs have not challenged Defendant[s'] improper joinder argument in their Motion to Remand, apparently conceding the issue."). Moreover, it is clear that Plaintiffs improperly joined O'Boyle; the Petition contains no allegations that O'Boyle had any involvement with the challenged foreclosure, and Plaintiffs concede that O'Boyle "has been joined *pro forma* in this action and no damages are being claimed against said Defendant." *See* Pet. 2. *See also*, *e.g.*, *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)) (holding that a non-diverse defendant is improperly joined if the plaintiff is unable to establish a cause of action against that defendant). The date on which Plaintiffs served O'Boyle is therefore irrelevant; all Defendants required to join or consent to the Notice of Removal did so before the expiration of the thirty-day deadline under 28 U.S.C. § 1446(b). *See*, *e.g.*, *Rico*, 481 F.3d at 239 (citing *Jernigan*, 989 F.2d at 815).

Accordingly, the Notice of Removal is not defective. The Court therefore denies the

Motion. Because the Court does not remand the Case, the Court denies Plaintiffs' request for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c).

## III. CONCLUSION

It is therefore **ORDERED** that the Motion is **DENIED.**

**SO ORDERED**.

**SIGNED this 7th day of November, 2013.**

*[signature]*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE